IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOPHYA WODCHIS, a minor, by and through her p/n/g, ALEX WODCHIS and EVGENIYA RUBIS | : : : : | CIVIL ACTION |
| v. | : : | |
| TOTAL CHILDCARE SOLUTION, INC., d/b/a/ RIGHT STEPS OF CHURCHVILLE | : : : | NO. 11-4327 |

**MEMORANDUM OPINION**

**Savage, J**                                                                                                                     **October 9, 2012**

      In this personal injury case where the defendant admitted liability and the sole issue presented to the jury was the amount of damages, plaintiff Sophya Wodchis, by and through her parents and natural guardians, Alex Wodchis and Evgeniya Rubis, moves for a new trial under Federal Rule of Civil Procedure 59. She contends that the amount awarded for non-economic damages was against the weight of the evidence and was so inadequate as to "shock the conscience."

      Although a higher damages award would have been reasonable, we conclude that the jury's award for non-economic damages was not so low as to shock the conscience. Based on the evidence presented, it was reasonable for the jury to find that after providing for medical expenses that would minimize the size and visibility of Sophya's 3.2 cm facial scar, an additional award of $23,000.00 was adequate compensation for non-economic damages.

1

Sophya's mother and father testified about the events surrounding the injury,[1] Sophya's time in the emergency room,[2] her treatment following her discharge from the hospital,[3] and her past[4] and present lifestyle.[5] They described the horrific sight of her hanging lip when they arrived at the hospital[6] and the subsequent healing process.[7] They discussed their daughter's excellence in school, her vibrant personality, her participation in numerous activities, her active interaction with her peers, and her cheerfulness.[8] In short, they portrayed their six-year old daughter as a happy, self-assured and confident child.[9]

There was no evidence that Sophya was self-conscious of the scar.[10] Her parents were concerned about how it might impact her as she grows older.[11] As her father testified, "I am not sure" how she will handle the scar as a teenager.[12]

---

[1] *Hr'g Tr.* 22-23, 42-43.

[2] *Id.* at 23-25, 43-47.

[3] *Id.* at 25-27, 44, 46-47.

[4] *Id.* at 20, 40-41.

[5] *Id.* at 27-28, 47, 49.

[6] *Id.* at 24, 42-43.

[7] *Id.* at 25-27, 30-31, 48-51.

[8] *Id.* at 27-28, 33-36, 47-48.

[9] *Id.* at 33, 47.

[10] *Id.* at 33, 50.

[11] *Id.* at 33, 52.

[12] *Id.* at 33.

Dr. Manstein, the plastic surgeon who treated Sophya at the emergency room,[13] discussed Sophya's injury[14] and the possible future treatment options.[15] He opined that even if these options were successful, the scar would be permanent.[16] He did not address the future dimensions of the scar or its likely appearance as Sophya matures.

Dr. Heffelfinger, a plastic surgeon who examined and evaluated Sophya at the defendant's request,[17] described possible treatment options.[18] Although he agreed with Manstein that Sophya would always have a visible scar,[19] he stated that laser treatments could be utilized immediately and subsequently to significantly reduce the scar's size and visibility.[20] The goal would be to make the scar so that "it's not barely perceptible at five feet."[21] He also testified as to the cost of these procedures.[22]

The jury was instructed regarding the components of non-economic damages which consisted of past, present and future pain and suffering, embarrassment, humiliation, loss of enjoyment of life, and disfigurement.[23] The jury returned a verdict of

---

[13] *Video Dep. Tr.* 11-15.

[14] *Id.* at 12-13, 15.

[15] *Id.* at 17, 23-24, 27-30.

[16] *Id.* at 23.

[17] *Hr'g Tr.* 67-71.

[18] *Id.* at 71-76.

[19] *Id.* at 71.

[20] *Id.* at 71-74.

[21] *Id.* at 74.

[22] *Id.* at 73, 88-91.

[23] *Id.* at 119-122.

$37,306.21 for past and future medical expenses, and $23,000 for non-economic damages, for a total award of $60,306.21.[24] The plaintiff challenges the award for non-economic damages.

Only where "the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks [the] conscience" can the "extraordinary relief" of a new trial be ordered for insufficiency of the evidence. *Marra v. Phila. Hous. Auth.*, 497 F.3d 286, 307 n.18 (3d Cir. 2007) (quoting *Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1353 (3d Cir. 1991)). When evaluating a motion for a new trial on the grounds that a jury's decision shocks the conscience, we exercise our own judgment in assessing the evidence. *Id.*

Although both experts agreed that Sophya's scar is permanent,[25] the defendant's expert witness testified that with make-up and after a series of non-invasive laser treatments, Sophya's scar would be barely noticeable.[26] Sophya's parents testified that she was discharged from the hospital the same day as the incident and required little additional medical treatment for her injuries.[27] Sophya was also presented as an outgoing and well-adjusted child who excelled in school and participated in numerous extracurricular activities.[28]

---

[24] *Id.* at 126-127.

[25] *Video Dep. Tr.* 23; *Hr'g Tr.* 71.

[26] *Hr'g Tr.* 72-74, 85-86.

[27] *Id.* at 24-25, 36, 43-44.

[28] *Id.* at 27-28, 33-36, 47-48.

The plaintiffs offer several cases to support their argument that the award for non-economic damages was so small as to shock the conscience. These opinions are of limited use. As an initial matter, the factually-intensive nature of a non-economic damages award makes it difficult to compare Sophya's case to others. The standard of review "is not whether the jury's verdict deviates from a discernibly 'normal' award in comparable cases, nor whether such deviation would seem well justified." *Tormenia v. First Investment Realty Co., Inc.*, 251 F.3d 128, 138 (3d Cir. 2000). Such considerations do not provide an appropriate justification for courts to revise damage awards that have already been decided by a jury. *Id.* A jury verdict will not be disturbed because the damages award was small or the court would have awarded a greater amount. *Epstein v. Saul Ewing LLP*, 7 A. 3d 303 (Pa. Super. 2010).

A different trial strategy may have persuaded the jury to award a greater amount than it did. However, Rule 59 is not a vehicle for plaintiffs to adjust their strategy and relitigate their claims in hopes of a higher award. *Dale and Selby Superette & Deli v. USDA*, 838 F. Supp. 1346, 1348 (D. Minn. 1993) (holding that Rule 59 "is not intended to routinely give litigants a second bite at the apple").

Having determined that the verdict was not against the weight of the evidence and does not "shock the conscience," we shall deny the motion for a new trial.